IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| GREGORY L. WALLACE, | ) | Cause No. CV 09-115-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and FINDINGS AND |
| vs. | ) | RECOMMENDATION OF |
| | ) | U.S. MAGISTRATE JUDGE |
| NORTHERN CHEYENNE | ) | |
| TRIBE, INC.; CALVIN | ) | |
| WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On September 10, 2009, Petitioner Gregory Wallace moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. He is proceeding pro se and in forma pauperis.

I. Motion to Proceed In Forma Pauperis

After reviewing Wallace's motion, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

## II. Jurisdiction Under 28 U.S.C. § 2254

Wallace relies on 28 U.S.C. § 2254. Section 2254 applies to persons "in custody pursuant to the judgment of a State court." Wallace asserts that he is in the custody of the Northern Cheyenne Tribe. The Tribe is not a State. The Court does not have jurisdiction under § 2254.[1]

## III. Opportunity to Amend

Ordinarily, where it is clear that the Court has jurisdiction, the petition would not be dismissed for lack of subject-matter jurisdiction until the petitioner was given an opportunity to amend. Pro se pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000). For the following reasons, however, in this case, dismissal is appropriate.

### A. Subject-Matter Jurisdiction Under 25 U.S.C. § 1303

The Indian Civil Rights Act ("ICRA") provides that the writ of habeas corpus "shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25

---

[1] A federal court may sua sponte examine its own jurisdiction. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997); MacKay v. Pfeil, 827 F.2d 540, 542-43 (9th Cir. 1987).

U.S.C. § 1303.  The ICRA provides Wallace with a remedy.

B. Proper Respondent

Wallace states that he is incarcerated in Mills, Wyoming.  Pet. (doc. 1) at 1 (caption); Mot. to Proceed In Forma Pauperis (doc. 2) at 3 ¶ 10A.  The person who has immediate custody of the petitioner is a proper respondent to a habeas petition.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Wallace names Calvin Wilson as a Respondent.  The Court will assume, for present purposes, that Wilson is the warden or official in charge at the facility where Wallace is detained.

Wallace also names the Northern Cheyenne Tribe, "Inc.," as a Respondent.  Pet. at 1 (caption).  The Tribe is not a proper Respondent:

> The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.
>      . . . [I]n habeas challenges to present physical confinement – "core challenges" – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.

Padilla, 542 U.S. at 434-35 (citing 28 U.S.C. § 2242 and discussing "immediate custodian" rule of Wales v. Whitney, 114 U.S. 564, 574 (1885)).  There are exceptions for persons who are held outside the

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

jurisdiction of any federal district court and for persons who have no "immediate physical custodian with respect to the 'custody' being challenged." Id. at 439. These exceptions do not apply here.

Only Wallace's custodian in Wyoming is a correct Respondent.

C. Personal Jurisdiction

28 U.S.C. § 2241(a) limits federal district courts' authority to grant habeas relief to "their respective jurisdictions."

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts . . . : Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47.

This Court does not have personal jurisdiction over Wilson or any other person exercising custody over Wallace in Wyoming. Wallace may not proceed in the District of Montana because the Court lacks personal jurisdiction over his custodian. Consequently, it would be futile to extend him an opportunity to amend his petition to allege an appropriate jurisdictional basis. The correct jurisdictional basis is 25 U.S.C. § 1303

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

and 28 U.S.C. § 2241, but jurisdiction cannot lie in this Court.

### D. Transfer

Under the circumstances presented here, transfer to cure lack of jurisdiction is not in the interest of justice. 28 U.S.C. § 1631.

The only jurisdictional basis Wallace alleges is 28 U.S.C. § 2254. No court in the United States has jurisdiction under that statute. The Court is not willing to dictate to the District of Wyoming that Wallace's petition be recharacterized under 25 U.S.C. § 1303 and 28 U.S.C. § 2241(a). Wallace has not paid a filing fee, nor does he face a limitations period. He may, of course, simply file an original petition in the District of Wyoming. Dismissal is more efficient and will not prejudice Wallace.

Wallace is also advised that he must exhaust his tribal remedies before he may proceed with a federal habeas petition. He attached to his Petition a copy of a document he filed in the trial court. However, if one or more appeals are available in the Northern Cheyenne Tribal Court system, he should pursue those remedies first.

## IV. Certificate of Appealability

No court in the United States has jurisdiction over Wallace's petition under 28 U.S.C. § 2254. While it might be reasonable to permit Wallace

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

to amend his petition and then transfer the matter to the District of Wyoming, there is no reason that transfer is mandated over dismissal and refiling in the appropriate District. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Wallace's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file

written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Wallace must immediately inform the Court of any change in his mailing address</u> while this action remains pending.

DATED this 17th day of September, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge